**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSHUA SHELBY, #N4073**                                                   **PETITIONER**

**VS.**                                                                           **NO.1:11CV242-HSO-JMR**

**RON KING**                                                                          **RESPONDENT**

### REPORT & RECOMMENDATIONS

This matter comes before the Court pursuant to the Respondent's Motion [11] to Dismiss Pursuant to § 2244(d) filed September 7, 2011. The Petitioner filed a Response [12] on September 29, 2011. Thereafter, Respondent filed a Reply [14] on October 7, 2011. Having considered Respondent's Motion [11], Petitioner's Response [12] and Respondent's Reply [14] along with the entire record and applicable law, this Court finds that Respondent's Motion [11] is well-taken. Accordingly, this Court recommends that the Motion [11] to Dismiss Pursuant to § 2244(d) should be granted and the Petition [1] in the above-captioned action should be dismissed.

### STATEMENT OF THE CASE

On August 16, 2002, the Petitioner plead guilty to armed robbery and was sentenced to a term of twenty years suspended for time served and three years post-release supervision. "Ex. A" attached Mot'n [11-1] 1-2. By Order dated April 14, 2003, his probation was revoked. "Ex. B" attached Mot'n [11-2] 1. Petitioner signed a petition for post-conviction relief (hereinafter "PCR") on May 10, 2005; it was stamped filed May 16, 2005. "Ex. C" attached Mot'n [11-3]. The Circuit Court of Harrison County, Mississippi denied the Petitioner's PCR petition by Order dated March 14, 2006. "Ex. D" attached Mot'n [11-4]. Thereafter, Petitioner filed a "Petition for Order to Show Cause/for Habeas Corpus" dated September 15, 2010, and marked filed November 5, 2010. "Ex. F" attached Mot'n [11-6]. The Circuit Court denied the petition as a successive writ by Order dated

January 10, 2011. "Ex. G" attached Mot'n [11-7].

As the Petition is signed but not dated , it is not known on what date the Petitioner signed it. However, the accompanying envelope is marked "SMCI, Approved Legal Mail, June 15, 2011" and the Petition was filed June 20, 2011. Pet'n [1] 1, 6.

## ANALYSIS

The Respondent argues that the Petition [1] is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"). Section 2244(d) of AEDPA provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). A petitioner has a one-year period beginning at final judgment, subject to the tolling provision of (d)(2) and the exceptions found in (1)(B)-(d), to properly file his federal habeas petition; thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011).

At the time Petitioner pled guilty, Mississippi law prohibited direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. However, the Mississippi Supreme Court had carved out a narrow exception allowing a defendant to appeal from a guilty plea within thirty days when challenging the legality of his sentence. *See, e.g., Burns v. State*, 344 So. 2d 1189 (Miss. 1977); *Acker v. State*, 797 So. 2d 966 (Miss. 2001). An amendment to the Mississippi Post-Conviction Collateral Relief Act in 2008 extinguished the exception.[1] MISS. CODE ANN. § 99-35-101; *See Seal v. State*, 38 So. 3d 635 (Miss. App. 2010). As the Petitioner pled guilty before the amendment, he benefits from the thirty-day exception. Accordingly, under § 2244(d)(1)(A), Petitioner's conviction became final thirty days after his guilty plea, on September 16, 2002.[2] Thus, his federal habeas petition was due one year later on September 16, 2003. § 2244(d)(1).

Mississippi does not provide for direct appeal from the revocation of a suspended sentence: "[a]n order revoking a suspension of sentence or revoking probation is not appealable." *See Beasely v. State*, 795 So. 2d 539, 540 (Miss. 2001) (quoting *Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980)). Accordingly, the judgment with regard to the revocation became final on April 14, 2003, the day the Order was issued. A federal habeas petition challenging the revocation of his suspended sentence was due one-year later, on April 14, 2004.

Petitioner's first post-conviction filing was signed May 10, 2005, and filed May 16, 2005. "Ex. C" attached Mot'n [11-3]. Even considering the earlier date of May 10, 2005, this filing was made well past both the September 16, 2003, and April 14, 2004, due dates. As a result, the

---

[1] MISS. CODE ANN. § 99-35-101 states: "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed."

[2] The thirty day period ends on Sunday, September 15, 2002, however, pursuant to FED. R. CIV. P. Rule 6(a)(1)(C), the period ends on the following Monday, September 16, 2002.

Petitioner's post-conviction filings do not serve to toll either deadline.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest the Petitioner could have filed his petition was June 15, 2011, the date it was stamped "SMCI, Approved Legal Mail." Pet'n [1] 1, 6. Considering June 15, 2011, as the filing date, the petition was filed 2,829 days past the September 16, 2003, deadline and 2,618 days past the revocation deadline of April 14, 2004. As a result, it is the recommendation of this Court that the Motion [11] to Dismiss be granted and the Petition [1] dismissed with prejudice.

## Conclusion

Petitioner's conviction was final on September 16, 2002, and the revocation of his suspended sentence was final April 14, 2003. Thereafter, he had one year to file a federal petition for writ of habeas corpus, on September 16, 2003, and April 14, 2004, respectively. As Petitioner's first post-conviction filing was made May 10, 2005, it does not serve to toll AEDPA's one-year limitation. Shelby's habeas petition was filed June 15, 2011, some 2,829 days past the September 16, 2003, deadline and 2,618 days past the April 14, 2004, deadline. Accordingly, this Court recommends that the Defendant's Motion [11] to Dismiss should be granted and the Petition [1] should be dismissed as time-barred pursuant to § 2244(d)(1).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations

contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   28th   day of November, 2011.

                                    s/ John M. Roper, Sr.
                          CHIEF UNITED STATES MAGISTRATE JUDGE